UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4692-VAP (KK)** | Date: | June 11, 2020 |
|---|---|---|---|

| Title: | *Joseph Emanuel Lister v. Rick Hill, Warden* |
|---|---|

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order to Show Cause Why this Action Should Not Be Summarily Dismissed for Failure to State a Cognizable Habeas Claim

I.
**INTRODUCTION**

On May 19, 2020, Petitioner Joseph Emanuel Lister ("Petitioner"), an inmate at Folsom State Prison in Represa, California, constructively filed[1] a pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 ("Section 2254").  See Dkt. 1, Pet.  Petitioner claims his Fifth, Eighth, and Fourteenth Amendment rights were violated when the California Board of Parole Hearings ("BPH") conducted a parole hearing December 18, 2018 without jurisdiction.  Specifically, Petitioner asserts the BPH conducted the hearing without jurisdiction or "sufficient/credible evidence" in violation of Petitioner's due process rights, because neither the BPH nor Petitioner possessed the most recent copy of the amended abstract of judgment related to Petitioner's 1978 conviction.  Id. at 70-74.  Based on this claim, Petitioner appears to seek release from custody.  Id. at 10, 71.  As discussed below, the Court orders Petitioner to show cause why the Petition should not be summarily dismissed for failure to state a cognizable habeas claim.

///
///
///

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

## II.
## **BACKGROUND**

In November 1978, Petitioner was convicted of seven counts of kidnapping for robbery, eight counts of robbery, and two counts of rape in the Los Angeles County Superior Court. Pet. at 15, 24, 32. Petitioner was sentenced to terms of seven years to life on each of the seven kidnapping for robbery counts and is currently serving an indeterminate life sentence at Folsom State Prison. Id.

On October 23, 1980, following Petitioner's appeal, the California Court of Appeal issued a remittitur, making three modifications to Petitioner's sentence, but otherwise affirming the conviction. Id. at 32. The remittitur provided the judgment was to be modified as follows:

> (1) as to the fifth sentence on the first page of the judgment by striking the following numerals: 2, 4, 7, 10, 12, 14, and 16;
> (2) by inserting after the fifth sentence on the first page of the judgment ["]shall become permanent when service of sentence as to counts 1, 3, 6, 9, 11, 13 and 15 is completed.";
> (3) by inserting on the first page of the judgment after the sentence, "It is Therefore Ordered, Adjudged and Decreed that the said defendant be punished by imprisonment in the State Prison for the term of life, on merged Counts." The following words: The execution of sentences for counts 2, 4, 7, 10, 12, 14, and 16 shall be stayed pending the finality of this judgment and service of sentences as to counts 1, 3, 6, 9, 11, 13 and 15, respectively. Such stay shall become permanent when service of sentence of [] counts 1, 3, 6, 9, 11, 13, and 15 is completed."
> The Judgment as to defendant Lister is affirmed as modified.

Id.

On December 19, 2018, the BPH conducted a parole hearing regarding Petitioner's eligibility for release on parole. Id. at 144-209. Petitioner was present at the hearing with counsel. Id. Petitioner's counsel objected to the hearing taking place on the grounds that Petitioner never received an amended abstract of judgment after the California Court of Appeal issued the remittitur on October 23, 1980. Id. at 154. The BPH presiding deputy commissioner agreed that the most current abstract of judgment before the BPH was from the original 1978 sentence, id. at 154-55, but overruled Petitioner's objection and proceeded with the hearing. Id. at 155. Following a recess, Petitioner did not return to the hearing. Id. at 166. Petitioner's counsel stated Petitioner did not want to participate in the hearing because he was "relying upon what happens in court first before he wants to go forward with the panel."[2] Id. at 176. Petitioner's counsel remained present for the remainder of the hearing and Petitioner was ultimately denied parole. Id. at 166-209.

On April 9, 2019, Petitioner filed a petition for writ of habeas corpus in the Los Angeles County Superior Court under petition no. BH012379.[3] Id. at 24. Petitioner argued the BPH lacked

---

[2] Petitioner's counsel had indicated at the hearing that Petitioner "is in court right now on this very same issue". Id. at 156.

[3] Petitioner has also filed at least six other habeas corpus petitions in the California state courts. See https://appellatecases.courtinfo.ca.gov/search/searchResults.cfm?dist=0&search=party.

jurisdiction to conduct the December 19, 2018 parole suitability hearing because the BPH did not have the most recent copy of Petitioner's amended abstract of judgment during the hearing.  Id.  On September 25, 2019, the Superior Court denied the petition, finding (1) the abstract of judgment was not itself the judgment of conviction, and Petitioner's underlying judgment is not unlawful merely because the BPH did not review Petitioner's amended abstract of judgment; and (2) the BPH did not lack jurisdiction to conduct the hearing based on not having the amended abstract of judgment.  Id. at 24-26.

On May 19, 2020, Petitioner filed the instant Petition appearing to seek release from custody.  Dkt. 1.

### III.
### DISCUSSION

**A.    Applicable Law**

A district court may entertain a petition for writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." (citations omitted)).  A petitioner may not "transform" an issue, including issues of state law, into "a federal one merely by asserting a violation of due process."  Langford v. Day, 110 F.3d 1380, 1389 (9th Cir.), cert. denied, 522 U.S. 881 (1997).

**B.    Analysis**

Here, Petitioner argues the BPH lacked jurisdiction and violated Petitioner's due process rights at the December 18, 2019 hearing because neither the BPH nor Petitioner possessed the most recent copy of the amended abstract of judgment related to Petitioner's conviction.  Pet. at 70-74.  However, Petitioner cites no authority for the proposition that the failure to possess an abstract of judgment at a parole hearing deprives the BPH of jurisdiction, or otherwise violates "the Constitution, laws, or treaties of the United States."  Estelle, 502 U.S. at 68.  As noted by the superior court, on appeal, Petitioner's "sentence was modified only in minor ways not affecting the judgment."  Pet. at 25.  Moreover, simply labeling a claim as arising under the Due Process Clause does not render it cognizable.  See Langford, 110 F.3d at 1389.

Petitioner's claim that the BPH lacked "sufficient evidence" at the hearing in violation of due process because it did not have the most recent abstract of judgment is also not cognizable.  In Swarthout v. Cooke, 562 U.S. 216, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011), the United States Supreme Court held the federal Due Process Clause does not require a guarantee of evidentiary sufficiency at a parole determination.  Cooke, 562 U.S. at 220-21 ("No opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement."); see also Due v. Bd. of Parole Hearings, No. CV 18-1028-JAK (E), 2018 WL 3740520, at *5 (C.D. Cal. May 18, 2018), report and recommendation adopted, No. CV 18-1028-JAK (E), 2018 WL 3738958 (C.D. Cal. Aug. 3, 2018), certificate of appealability denied, No. 18-56263, 2018 WL 7860024 (9th Cir. Dec. 20, 2018) (finding petitioner's "allegations that the evidence purportedly was insufficient to support the [BPH]'s decision . . . do[es] not state any claim for federal habeas relief").  Due process

only requires that the state furnish a parole applicant with an opportunity to be heard and a statement of reasons for a denial of parole.  See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 16, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979).  Here, Petitioner makes no allegations, nor does the record support, any claim that he was denied these procedural protections.

## IV.
## ORDER

The Court, therefore, **ORDERS** Petitioner to respond within **twenty-one (21) days** of the date of this Order by electing one of the following options:

1. File a written response explaining why Petitioner's claims are cognizable on habeas review.  If Petitioner contends his claims are cognizable on habeas review, Petitioner must explain and attach any supporting documents.

2. Voluntarily dismiss this action without prejudice.  Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court has attached a Notice of Dismissal form**.  However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

If Petitioner fails to respond within **twenty-one (21) days** of the date of this Order, the Court will dismiss this action with prejudice for failure to state a cognizable habeas claim and/or failure to prosecute and obey court orders.  See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**